him from defendants, of another sawmill; that before this trade was made and the mortgage taken, defendants inquired of Strickland, who was present and testified as and for the plaintiff, in substance, if Wiggington owned the property and had a right to give a mortgage thereon, and received an affirmative answer. Strickland denied that he made any such statement. The evidence further shows that defendants took possession of the property under this mortgage, foreclosed, and purchased the property at the sale.

■ This statement of the evidence is sufficient to develop the controlling question in the case. Under this evidence it cannot be affirmed, as a matter, of law, that defendants were mere wrongdoers, and that plaintiff was entitled to recover on prior possession only. It was incumbent on plaintiff to show that it acquired the title conveyed by Wiggington to Street as trustee.

■ The power to sell property covered by a deed of trust or mortgage is a matter of contract, and, in the absence of evidence showing that the statute of the state of Mississippi regulates the exercise of the power, it will be assumed that the principles of common law obtain, in respect thereto. Lang et al. v. Stansel, 106 Ala. 389, 17 So. 519; 19 R. C. L. § 405, p. 590.

■ Powers of sale in mortgages or deeds of trust are of two kinds—naked powers and powers coupled with interest. Powers falling within the first class can be executed only by the person designated. "The trustee in a deed of trust cannot lawfully delegate his authority, but he must personally be present and supervise the sale," though, if the trustee is personally present, he may employ an auctioneer to cry the sale. 2 Wiltsie on Mortgage Foreclosure, § 829; 19 R. C. L. 591, § 406; Barrick v. Horner, 78 Md. 253, 27 A. 1111, 44 Am. St. Rep. 283; Smith v. Lowther, 35 W. Va. 300, 13 S. E. 999; Copelan v. Sohn, 75 W. Va. 83, 82 S. E. 1016.

In the absence of evidence that the power could not be exercised by the trustee named, or his refusal to act, the question of substitution does not arise.

■■ The attempted exercise of the power by "Mr. Strickland" must be held abortive, and defendants' objection to the evidence in respect thereto was well taken, and the court erred in overruling it.

■ The substance of the conversation between Wiggington and Strickland at the jail, after Strickland had assumed possession of the property and attempted to foreclose, was that Strickland told Wiggington that he (Strickland) had sold the mill under the deed of trust and bought it in, and Wiggington replied that he would not have the steammill at all, but, if Strickland would let him have the tractor, he would "go to Blue Mountain tract" and work until he repaid the money advanced by Wiggington's father and Strickland to get Wiggington out of jail. There was nothing in this transaction tending in the least to show that it conferred on the plaintiff such title to the property in controversy as would support this action on any one of its phases. This evidence was res inter alios acta, and mere hearsay. Humes v. O'Bryan & Washington, 74 Ala. 64; 3 Mayf. Dig. 557 "(c) 3 Res Inter Alios Acta."

The same is true as to the declarations of Wiggington giving his reason for wanting to leave "the Blue Mountain tract."

■ While it must be conceded, as a general rule, estoppel, to be availed of as a defense, must be specially pleaded, Jones & Co. v. Peebles, 130 Ala. 269, 30 So. 564, this general rule does not apply to actions of trover, for the reason that conversion, which is the gist of the action, is ex vi termini, a tortious act, which cannot in law be justified or excused, and any plea alleging matters of justification or excuse other than a release, is equivalent to the plea of not guilty, since it involves a denial of the conversion. Barrett v. City of Mobile et al., 129 Ala. 179, 30 So. 36, 87 Am. St. Rep. 54; Ryan et al. v. Young, 147 Ala. 660, 41 So. 954; First National Bank of Gadsden v. Burnett, 213 Ala. 89, 104 So. 17.

The case must be reversed for the errors pointed out, and inasmuch as the other questions argued may not arise on the trial to follow, we pretermit their consideration.

Reversed and remanded.

SAYRE, THOMAS, and BOULDIN, JJ., concur.

---

(123 So. 895)

**Charlie NEVILLE v. STATE.    (8 Div. 102.)**

Supreme Court of Alabama.    May 16, 1929.

Rehearing Denied Oct. 17, 1929.

Almon & Almon, of Decatur, for petitioner.
Charlie C. McCall, Atty. Gen., for the State.

FOSTER, J.    Petition of Charlie Neville for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Neville v. State, 123 So. 895.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.